IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED

2006 SEP 19 PM 4:09

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                     Case No. Cr.99-351(SEC)

ISRAEL NAVEDO-CONCEPCION,

    Defendant.

_____/

## MOTION FOR RETURN OF PROPERTY

COMES NOW, the Defendant, Israel Navedo-Concepcion (hereinafter "Defendant"), pro se, and respectfully files this motion before this Honorable Court pursuant to Fed.R.Cri.P. Rule 41(g).

## JURISDICTION

The jurisdiction of this Court is invoked under Fed.R.Crim.P. Rule 41(g).

## JURISDICTIONAL STATEMENT

In the case at bar Defendant did not learned that the property in question in this matter had been forfeited until **June 8, 2005** when his new attorney, Maria Sandoval, informed Defendant that his previous counsel, Edgar Vega Pavon, had failed to timely post bond to avoid the forfeiture from taking place and as result the property had been administratively forfeited by the FBI. Based on the Forefoing statement Defendant submits that the accrual date for the six-year statute-limitations is June 6, 2005.

In essence this motion is being file within one (1) year and and approximately three (3) months after Defendant learned that his property had been forfeited by the Government.   The law is clear, the six (6) year statute of limitations set forth in 28 U.S.C. §2401(a) commences on the day the Defendant became aware that the property had been forfeited.   An analogous case to Defendant's is found in United States v. Wright, 361 F.3d 288 (5th Cir. 2004). In Wright, a federal prisoner filed a Rule 41(g) motion challenging forfeiture on insufficient-notice grounds.   Id, at 289.   The Government argued that the six-year statute of limitations barred the motion.   Id.   The Fifth Circuit concluded that the six-year statute of limitations set forth in 28 U.S.C. §2401(a) applies to Fed.R.Crim.P. Rule 41(g) motions.   Id. at 290. The Court went on to hold that the accrual date for the statute-of-limitations purposes was the earlier of the date when the defendant became aware that the United States declared the property forfeited or the date on which a reasonable inquiry would have made him aware of forfeiture.   Id.

Wherefore, this Court has jurisdiction under Fed.R.Crim.P. Rule 41(g) to grant this motion.

Further, this Court has jurisdiction over the instant "administrative forfeiture" because the FBI failed to serve the Defendant with notice of forfeiture, and such failure does not satisfy the minimum due process requirements set out by the Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 70 S.Ct. 652, 94 L.Ed. 865

-2-

(1950) ("Constitutional due process standards require that notice be 'reasonable calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). Id. In light of the "absence" of written notice to the Defendant, even proper publication notice is insufficient by itself to satisfy the requirements of due process.

### BACKGROUND

On December 1, 1999, the Federal Bureau of Investigation ("FBI") took custody of two hundred four thousand, two hundred eight dollars ($204,280.00) in United States Currency for civil forfeiture. The aforementioned currency belonged to the Defendant. (Exhibit 1). Thereafter (i.e. according to the Government), notice of the action was published once a week for three successive weeks in the New York Times, in accordance with 19 U.S.C. §1607.

On March 16, 2000, the FBI received a letter from Defendant's counsel dated January 20, 2000. (Exhibit "2"). In the letter Defendant's counsel requested a stay of the administrative proceedings. The agency explained to counsel that it lacked authority to grant the requested stay. However, Defendant's counsel was granted a 30-day extension to submit documents to contest the seizure and forfeiture. Defendant's challenge and/or response to the seizure were due by April 3, 2000.

On April 6, 2000, a check to post the five thousand dollars ($5,000.00) bond was prepared. (Attachment 3). In a letter dated

-3-

May 4, 2000, the FBI returned the check and its enclosures to Defendant's counsel. (Attachment 4). In the letter, the FBI explained that claimant's challenges were filed on April 14, 2000, that is, 11 days after the April 3 due date had expired. Please note that Defendant issued to his attorney the check intended for "bond" of property on April   , 200 , three days after the deadline had expired. Had the Government served "notice" of forfeiture upon the Defendant same would have set bond in a timely fashion. It was the Government's failure to serve notice that precluded the Defendant from timely setting the required bond.

The Declaration of Administrative Forfeiture was issued on May 18, 2000. (Attachment 1).

On May 10, 2006, Defendant filed a 28 U.S.C. §2255 motion seeking the return of the forfeited currency on grounds of ineffective assistance of counsel. The Government's response objected to the granting of Defendant's §2255 motion on grounds that, 1) a §2255 motion was not the proper remedy to seek the return of the seized property, and 2) Defendant had no right to effective assistance of counsel during forfeiture proceedings because, forfeiture proceedings are civil proceedings. Defendant withdrew his §2255 motion after careful review of the Government's arguments. This motion ensues.

## ARGUMENT

I.  THE GOVERNMENT FAILED TO SERVE THE DEFENDANT WITH PROPER NOTICE OF FORFEITURE AND THUS, CONDUCTED THE FORFEITURE WITHOUT JURISDICTION

-4-

In the case at bar the FBI failed to serve the Defendant with "written notice" administrative forfeiture proceedings against his property.   Rather, the Government provided Defendant's criminal attorney with the "notice".   Defendant's counsel failed to provide Defendant with copies of the notices.   In essence, the Government failed to properly serve "notice of administrative forfeiture." See (Exhibit 5 - Government's Response to Defendant's §2255 motion wherein, the Government submits having served notice of forfeiture to counsel but does not mention serving same to Defendant).

Procedurally, to institute a forfeiture action, the Government must comply with the procedures set forth in 19 U.S.C. §1607.   See 18 U.S.C. §981(d).   Section 1607 provides that "the appropriate customs officer shall cause a notice of the seizure...and the intention to forfeit...to be published for at least three successive weeks...**shall be sent to each party** who appears to have an interest in the seized article." 19 U.S.C. §1607(a).

If the government complies with the notice requirement under Section 1607, the property owner has twenty days from the date of the first publication of the notice to file a claim and post a bond.   19 U.S.C. §1608.   If the property owner does not do so, the forfeiture proceeds administratively and the district courts are divested of jurisdiction to review it.   19 U.S.C. §1609.   Linarez, 2 F.3d at 211 (      ).   If a Plaintiff's claim could have been raised in the administrative proceedings, but were not, the forfeiture cannot be challenged in the district court under any

-5-

legal theory. Id at 213. However, as the courts have long recognized federal courts have always possess jurisdiction to review whether the notice given in the administrative forfeiture proceeding afforded the claimant constitutional due process. Krecioch v. United States, 221 F.3d 976, 980 (7th Cir. 2000), cert. denied, 121 S.Ct. 599, 148 L.Ed.2d 512 (2000)(If the notice fails to comport with the requirements of due process, the underlying forfeiture action is void).

The question of law in the case at bar is "Whether or not the Government exercised due diligence in serving notice of forfeiture to the Defendant." The answer to the aforementioned question "must" be no in light that, Defendant was in the custody of the government at the Guaynavo Detention Center and thus, the notice could have been easily mailed (Certified Return Receipt) or, in the alternative "hand delivered" to the Defendant. Consequently, even if the Government argues that the publication notice in the New York Times was proper, such argument would lack merit in light that, "Notice by publication is not sufficient with respect to an individual whose name and address are known or easily accessible." See Robinson v. Hanrahan, 409 U.S. 38, 40, 93 S.Ct. 30, 34 L.Ed.2d 47 91972).

## CONCLUSION

For the foregoing reasons this motion should be granted and thereby, the Government ordered to return Defendant's property to Defendant Israel Navedo-Concepcion.

Respectfully submitted,

Israel Navedo-Concepcion, pro se.

-6-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing legal instrument was served on this 9TH day of September, 2006, to: United states Attorney's Office, S/Nelson Perez-Sosa, AUSA, Torre Chardon, Suite 1201, 350 Carlos Chardon Street, San Juan, Puerto Rico 00918. The service was conducted via first class mail by placing same in a first class postage envelope and turning same over to the prison "postal" authorities at the Federal Prison Camp Montgomery. This Certificate of Service is submitted under penalty of perjury pursuant to 28 U.S.C. §1746.

Israel Navedo-Concepcion, pro se.

-7-

Exhibit 1

TOTAL P.01



**U.S. Department ... stice**

**Federal Bureau of Investigation**

_Washington, D.C. 20535_

## DECLARATION OF ADMINISTRATIVE FORFEITURE

-------------------------------------------

Seizure No.  3800-2000-F-0019
FBI Case No.  245D-SJ-35876

On December 01, 1999, the property described below was taken into custody by the Federal Bureau of Investigation for civil forfeiture at LA ROSALEDA, TOA BAJA, PR, pursuant to Title 21, United States Code (U.S.C.), Section 881.  The initial seizure of the property by the Federal Bureau of Investigation occurred on December 01, 1999, at LA ROSALEDA, TOA BAJA, PR. Notice of this action was sent to all known parties, by certified mail, who may have a legal or possessory interest in the property.  Notice of this action was published once a week for three successive weeks in the NEW YORK TIMES, NEW YORK, NY, in accordance with 19 U.S.C. Section 1607.

### (Description of Property)

$204,280.00 IN U.S. CURRENCY

As of the date of execution of this form, a petition for remission or mitigation of forfeiture for this property has not been received.  No claim was filed in a timely manner as required by law to contest this action, nor was any claim pursued which would otherwise require cessation of this action.

It is hereby declared that the property has been forfeited to the United States pursuant to 19 U.S.C. Section 1609, free and clear of any liens and encumbrances, and is to be disposed of in accordance with law.  This declaration shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a U.S. District Court.

Date  5/18/00

_(signature)_
Property Management Officer
Federal Bureau of Investigation
United States Department of Justice

<u>Exhibit 2</u>



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No. 3800-2000-F-0019

Federal Office Building
San Juan, PR 00918
March 10, 2000

Lic.Edgar Vega Pabon
Royal Bank Center #715
255 Ponce De Leon
San Juan, PR 00917

BY FAX: 756-8770

Re: $204,280 U.S. Currency
Date of Seizure: Dec.1, 1999
Claimant: Israel Navedo-Concepcion

Dear Sir,

We have received your letter dated January 20, 2000 requesting a stay of the administrative forfeiture in this case.

The FBI does not have the authority to grant a stay of the administrative proceeding until after the Criminal Case #99-351.

However, because we received your letter before the deadline of February 22, 2000, we will permit your client a 30-day extension from today to submit papers to the FBI to contest the seizure and forfeiture and/or petition to the FBI to request a pardon of the property. **You must submit papers to the FBI by April 3, 2000.**

If you have any questions concerning this matter, please do not hesitate to call me at 759-1591.

Sincerely,

Marlene M.. Hunter
Special Agent in Charge

by: Marilyn Lucht
Special Agent
Forfeiture Coordinator

Exhibit 3

p.3

2365-14JUN01:20705715:06-APR-00 - Page 1 of 1.

**BANCO POPULAR**

Solicitud de Copia/Photocopy Request    (bptaint)

Trace ID: 2365-14JUN01
Reclay Id: 02205-14JUN01

Mail Code: 245
Unit: PLAZA LAS AMERICAS
Requested by: LUIS
Work Date: 06-APR-00
Sequence: 20705715

Account: RXA019054122
Amount: 5,000.00/USD
Check: (1544)



Exhibit 4



**U.S. Department of Justice**

**Federal Bureau of Investigation**

In Reply, Please Refer to
File No   3800-2000-F-0019

Federal Office Building
San Juan, PR 00918
May 4, 2000

Lic.Edgar Vega Pabon
Royal Bank Center #715
255 Ponce De Leon
San Juan, PR 00917

BY FAX:  756-8770

Re: $204,280 U.S. Currency
Date of Seizure: Dec.1, 1999
Claimant: Israel Navedo-Concepcion

Dear Sir,

We are returning your letter dated April 14 and its enclosure, an official check for $5000, because they were sent to the FBI eleven days beyond the extended deadline for submitting a claim.

Per our headquarters in Washington, the FBI adheres strictly to the applicable statute -- Section 1608 of Title 19 of the United States Code. You are also referred to 28 Code of Federal Regulations 8.8.

Notice, as required by the customs laws, of seizure and intention to forfeit the property was published in January and February 2000, and your submission missed the deadline of the 30-day extension which was clearly explained.

If you have any questions concerning this matter, please do not hesitate to call me at 759-1591.

Sincerely,

Marlene M.. Hunter
Special Agent in Charge

by:  Marilyn Lucht
Special Agent
Forfeiture Coordinator